### THE AMERICAN DRAMATIC FUND ASSOCIATION

*v.*

### WILLIAM F. LETT et al.

A testatrix gave to her executors a conditional power to sell her real estate, and to invest the proceeds, and therefrom to pay an annuity, certain legacies, and the balance of the income to C. B. for life, and, after C. B.'s death, to pay, among other legacies, $3,000 to "The American Dramatic Fund." The power of sale has been duly exercised.—*Held*, that the legacy of $3,000 was a charge on the land, and that it was intended, by the testatrix, for the American Dramatic Fund Association, of which she was a member.

Bill for legacy. On final hearing on pleadings and proofs.

*Mr. C. Parker*, for complainants.

*Mr. A. C. Hartshorne*, for administrator *cum testamento annexo*.

THE CHANCELLOR.

This suit is brought to recover a legacy of $3,000, given by the will of Mrs. Anne D. Wallack to the complainants (as they allege), by the name of the American Dramatic Fund. The bill is filed against William F. Lett, who was the acting executor (but was removed in 1883), and George W. Brown, who was appointed administrator *de bonis non cum testamento annexo* in his stead. Lett is now the owner of the residuary estate, by purchase thereof. By the will, which was made in 1873, the testatrix, who died in 1879, gave all her estate, real and personal, after payment of her debts and funeral expenses, to her husband, James W. Wallack, for life (he predeceased her), and gave her executors power to sell and convert into money all her real estate, after the decease of her husband, or with his consent in his lifetime, and invest the proceeds, and directed them, after his death, to pay out of her estate an annuity (to Nannie Taylor) and certain legacies of specified sums of money, and the residue

of the income to the testatrix's mother, Mrs. Caroline Blake, for life; and she directed that upon the decease of her mother, her executors pay to Mrs. Margaret C. Blake, widow of Dr. Lewis W. Blake, $2,500, in case she should be unmarried; to the American Dramatic Fund, $3,000; and to the institution known as Sister Irene's Foundling Hospital, $3,000. She ordered that the rest of her estate descend, and be distributed according to the laws of this state regulating descents and distributions in cases of intestacy. One of the annuitants, Mrs. Caroline Blake, is dead.

Two questions are submitted for decision. One is whether the legacy in dispute is charged upon the testatrix's real estate, and the other is whether the complainants are entitled to it. That the legacy is charged upon the real estate, there can be no doubt. The testatrix directs her executors to convert her real property, and invest the proceeds, and pay the income thereof to her husband for life; and, upon his decease, to pay, " out of her estate," the annuity to Nannie Taylor, and certain legacies of specified sums of money, and the rest of the income to her mother for life; and, on the death of her mother, she gives, and directs her executors to pay, " out of her estate," a legacy of $2,500 in a certain contingency, the legacy in dispute and another, and gives all the rest, residue and remainder of her " estate, real and personal," to descend, and be distributed &c. Where legacies are given generally, and the residue of the real and personal estate is afterwards given in one mass, the legacies are a charge upon the real as well as personal estate. *Corwine* v. *Corwine, 9 C. E. Gr. 579; Hawk. on Wills 299.*

The complainants are a benevolent corporation of the state of New York, and are located in the city of New York. The objects of the corporation are, according to the charter, to raise by subscription, donations and bequests from members thereof and others, by theatrical benefits and annual festivals, a fund to be devoted to making provision for the support of members thereof who by age, sickness or accident are incapacitated from pursuing their professional calling, and for the support of the widows and orphans of the members, and for the purpose of de-

fraying the funeral expenses of members, and for such other similar purposes as the corporation shall deem meet and expedient. The testatrix, who was a tragedian, was a member of the association at the time of her death, and had been such since 1851. Her husband, who was also a tragedian, was a member. Her mother, her step-father and two uncles of hers were members. The corporation is commonly known by the name of the American Dramatic Fund. The word " association " is seldom used as part of its name in speaking of it. There is no other corporation or association of the same or similar name. The misnomer of a corporation in a devise, grant or obligation will not prevent it from taking or recovering in its true name. *Alloways Creek Township* v. *String, 5 Hal. 326 ; 1 Pow. Dev. 338.* If the description of the person, whether natural or civil, in a devise, be made with sufficient certainty so that the person intended may be distinguished from every other person, trifling omissions or misprisions will not make the devise invalid ; for the use of names or descriptions is but to make a distinction between person and person, and therefore it is sufficient if the person be so called or described that he or it may be distinguished from every other. *1 Pow. Dev. 338.* Where the legatee or devisee is inaccurately named or described so that there is no one who fully answers the name or description, the court will, if possible, gather from the contents of the will and the surrounding circumstances who was meant. *Theob. Wills. 111.* These familiar principles have been so frequently applied in this court as to render any citation of instances wholly unnecessary. There can be no doubt that in the bequest under consideration the testatrix intended to give the legacy to the complainant.

The administrator did not enter upon his duties as such until June, 1885 (the bill was filed in December, 1884), although he was appointed in April, 1883 ; but there would seem, from his own testimony, to be enough assets in his hands. The bill has been taken as confessed against him. There should be a decree against both of them, with costs ; but as to the administrator, the decree should be for payment of the legacy and the costs out of the assets of the estate in the due course of administration.